**Deborah JOHANNES, as Trustee of the Connie Von Rudeen Living Trust dated 1/16/02, Plaintiff–Appellant,**

v.

**Barry KARANT; Shoni G. Hetland; Advanced Properties Plus, Defendants–Appellees.**

No. 07–15986.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2009.*

Filed March 13, 2009.

R.App. P. 34(a)(2).

Lee A. Drizin, Esq., Law Offices of Lee A. Drizin, Chtd., Las Vegas, NV, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, NOONAN, Circuit Judge, and EDMUNDS,** District Judge.

### MEMORANDUM ***

Barry Karant, Shoni Hetland and Advanced Properties Plus are prevailing parties because the district court granted their motion for summary judgment. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003) (summary judgment is decision on merits); *Rio Properties, Inc. v. Rio*

---

** The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

*Int'l Interlink*, 284 F.3d 1007, 1021–23 (9th Cir.2002) (parties prevail when judgment is entered in their favor). As prevailing parties, they are entitled to reasonable attorney's fees under the fees provision of their contract with Johannes. Nothing in the record suggests the contract was rescinded and, even if it were, the fees provision would survive. *Mackintosh v. Cal. Fed. Sav. & Loan Ass'n*, 113 Nev. 393, 935 P.2d 1154, 1162 (1997). There is no support for Johannes's contention that Karant and Hetland were not parties to the contract.

The district court did not abuse its discretion in setting the fee award; that Johannes's legal fees are lower than Advanced's, and that Karant sought separate representation, do not prove that the fees awarded were unreasonably high. *See Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 455 P.2d 31, 33 (1969).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.